IMPERIAL COTTON OIL COMPANY *v.* BENJAMIN J. ALLEN.

1. ATTACHMENT. *Non-resident.   Code* 1892, *§* 129.

   A person is a nonresident of this state, within the meaning of
   Code 1892, § 129, par. 1, making nonresidence a ground for at-
   tachment, if he be out of the state and intend to remain out of
   it for an indefinite period, although he may make temporary
   visits here and may intend to permanently return at some
   uncertain future time.

2. SAME.   *Can be served with process.   Visits to state.*

   A person is not one who can be served with ordinary process, if
   he be out of the state, although there may be chances of service
   during uncertain, temporary and occasional visits by him to the
   state.

FROM the circuit court of Noxubee county.

HON. GUION Q. HALL, Judge.

The Imperial Cotton Oil Company, appellant, was plaintiff
in the court below; Allen, appellee, was defendant there.

Plaintiff sued out an attachment against defendant on the
ground of the nonresidence of the latter.  The affidavit was
traversed, defendant denying that he was a nonresident.  On
this point the evidence was conflicting.  On the trial plaintiff
asked the following instruction: "(5) The court instructs the
jury for plaintiff that if they believe from the evidence that at
the time of the suing out the attachment in this cause defend-
ant was out of the state of Mississippi, and intended and did
remain out of the state for an indefinite and uncertain period,
so that he could not be served with ordinary process, then de-
fendant is a nonresident within the meaning of the law."

This instruction was modified by the court below as shown in
the opinion.

From a judgment in defendant's favor on the attachment issue, after final disposition of the case, plaintiff appealed to the supreme court.

*J. E. Rives,* for appellant.

The court below erred in modifying the fifth instruction asked by plaintiff. In that instruction the court was asked to instruct the jury if Allen, at the time of the suing out of the attachment in this cause, was out of the state of Mississippi and intended remaining out of the state of Mississippi for an indefinite period, then defendant is a nonresident within the meaning of the law, although the jury may believe from the evidence that he occasionally visited the state of Mississippi and intended at some uncertain time to return to Mississippi and to live there permanently. I am free to admit that one modification made by the judge, to-wit, "So that he could not be served with ordinary process," was right and proper, but by modifying the instructions by erasing the words, "although the jury may believe from the evidence that he occasionally visits the state of Mississippi and intending at some uncertain time to return to Mississippi and live there permanently," deprived the jury of viewing the case in accordance with the principle laid down in the case of *Brown* v. *Crane,* 69 Miss., 678. It was as much to say to the jury "that if he made occasional visits to this state, his residence in Oklahoma was of an uncertain and indefinite period, such occasional visits here were sufficient to constitute him a resident of the state of Mississippi. *Keller* v. *Carr,* 40 Minn., 428; *Hanover* v. *National Bank,* 69 Hun. (N. Y.), 308; *Stratton* v. *Briggon,* 2 Tenn. Sneed., 420; 3 Am. & Eng. Enc. Law (2d ed.), 199, note 3; *Wheeler* v. *Cobb,* 70 N. C., page 21; *Cardon* v. *Cardon,* 107 N. C., 214; *Handon* v. *Graham,* 87 Cal., 631.

*T. W. Brame,* for appellee.

All of the authorities of our own state hold that to sustain an

attachment on the grounds of nonresidence, the prominent inquiry is whether the absence of the defendant is of such a character and so prolonged that he cannot be served with ordinary process. *Morgan* v. *Nunes,* 54 Miss., 308. The proof in this case shows that Allen could have been served with process personally time and again in Meridian or in Noxubee county. His household effects were in the city of Meridian, and part of his family there, and he was temporarily absent because of his ill health. The proof does not even show that he had a domicile elsewhere.

The modification of plaintiff's fifth instruction is exactly in accordance with the holdings of this court.

CALHOON, J., delivered the opinion of the court.

The modification of the plaintiff's fifth instruction, in our opinion, was error. The other instructions on both sides are general as to nonresidence, and point to the propostion that the defendant's absence should be so prolonged that he could not be served with any ordinary process. The plaintiff wanted the benefit of a charge that, if there was absence of defendant with intent to remain out of the state for an indefinite period, there was nonresidence within the meaning of the attachment law, "although the jury may believe from the evidence that he occasionally visited the state of Mississippi, or intended at some uncertain time to return to Mississippi, and to live there permanently." These quoted words the court struck out, and for them substituted these: "So that he could not be served with ordinary process, then defendant is a nonresident within the meaning of the law." Plaintiff was entitled to the charge as he asked it, to give the jury the idea that a creditor is not compelled to wait to get a snapshot on the wing, but is "entitled to a fair and reasonable opportunity for a resting shot." *Weille* v. *Levy* (Miss.), 20 So., 3, 60 Am. St. Rep., 500; *Pindell* v. *Harris,* 57 Miss., 739.

*Reversed and remanded.*